**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

CLARENCE REGINALD WILLIAMS                                                              PLAINTIFF

1:16CV00097-JLH-JTK

THOMAS FINNIE, et al.                                                                           DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

1

other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A149
>  Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   Introduction

Plaintiff Clarence Williams filed this pro se action pursuant to 42 U.S.C. § 1983, while incarcerated at the Delta Regional Unit of the Arkansas Department of Correction, alleging Defendant Finnie used excessive force against him in an incident which occurred at the Grimes Unit on April 25, 2016 (Doc. No. 2).[1]  Plaintiff asked for monetary and injunctive relief.  Defendant Arkansas Department of Correction, Grimes Unit, was dismissed on September 1, 2016 (Doc. No. 7).

Pending before the Court is the Motion for Summary Judgment, Brief in Support, and Statement of Facts filed by remaining Defendant Finnie (Doc. Nos. 15-17).  Plaintiff filed a Response and Statement of Facts (Doc. Nos. 19-20).  By Order dated March 3, 2017, the Court granted in part Defendant's Motion for a stay of discovery, and directed the parties to submit additional evidence with respect to the exhaustion issue (Doc. No. 21).  Plaintiff filed responses to the Order (Doc. Nos. 22, 23), and Defendant filed a Reply to Plaintiff's responses (Doc. No. 25).

---

[1] Plaintiff notified the Court of his release from prison and new address on March 9, 2017 (Doc. No. 24).  However, mail sent to him at his new address was returned to the Court as undeliverable on March 17, 2017 (Doc. No. 26).

**II.     Complaint**

In his Complaint, Plaintiff alleged that on April 25, 2016, he suffered a mental breakdown and became insolent and destroyed government property at the Grimes Unit. (Doc. No. 2, p. 3) During the incident Defendant Finnie punched Plaintiff and broke his jaw while Plaintiff was handcuffed behind his back. (Id.) As a result, Plaintiff was placed in a medical ward for three weeks where he ate through a straw and suffered extreme pain, a loss of sleep and weight. (Id.) Plaintiff claimed Defendant's actions were brutal and neglectful. (Id.)

**III.    Summary Judgment Motion**

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

    **A.     Defendant's Motion**

At issue in this Motion is whether Plaintiff exhausted his administrative remedies with respect

to his claim against Defendant, as required by the ADC grievance procedure, Administrative Directive (AD) 14-16 (Doc. No. 15-1), and the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. Defendant presents the Declaration of Shelly Byers, Medical Grievance Coordinator, who stated that Plaintiff did not initiate or exhaust any grievance specifically concerning the April 25, 2016 incident. (Doc. No. 15-4, p. 2) She further stated that the ADC grievance policy requires inmates to be specific in their grievances concerning the substance of the issue, and to include the date, place, personnel involved, and witnesses. (Id.) In addition, the policy requires an inmate to file an informal resolution form (Step 1) within fifteen days of an incident, and if the problem solver fails to contact or resolve the issue within three working days, to proceed to Step 2 of the grievance procedure by filing a formal grievance. (Id.) Upon receipt of the Step 2 grievance, the Warden or his designee will respond to non-medical grievances within twenty working days, unless an extension is granted, and if the inmate disagrees with the Warden's response, he must file an appeal within five working days of receipt of the response. (Id., p. 3) If an inmate does not receive a response within the allotted time frame, he may appeal to the Chief Deputy/Deputy/Assistant Director's level within five working days of the expiration of the unit's response time. (Id.)

  **B.**  **Plaintiff's Response**

In response, Plaintiff claims that he did file a grievance against Defendant Finnie on April 25, 2016, but that he was transferred the next day to the Delta Unit and he never received a response. (Doc. No. 19) He then filed a Step 2 grievance on May 25, 2016, and never received a response. (Id.) Plaintiff states he then wrote a statement to internal affairs and to Director Wendy Kelly, requesting a solution of the problem, to which he received a response. (Id.) In response to the Court's March 3, 2017 Order, Plaintiff submitted a copy of the grievance, on which Step 1 is dated April 25, 2016, and Step 2 is dated July 15, 2016 (Doc. No. 23). He also submitted an October 31, 2016 Memorandum

4

from Jada Lawrence, executive assistant to Director Kelley, which addressed grievance and disciplinary issues Plaintiff raised (Doc. No. 23, p. 3).

### C. Reply

Defendant states that although Plaintiff did file a grievance on April 25, 2016 (GR-17-00241), Plaintiff did not attempt to file Step 2 of the grievance until February 27, 2017, well past the procedural deadline.  In support, Defendant presents a copy of the grievance, dated April 25, 2016 for Step 1, and February 27, 2017 for step 2 (Doc. No. 25-1, p. 2).[2]  Defendant states that the grievance policy clearly requires that if an inmate does not receive a timely response to a Step 1 submission, he is to file a Step 2 formal grievance within six working days of the filing of the Step 1 complaint, citing AD 14-16, IV(E)(11) (Doc. No. 15-1, pp. 7-8).  And, even if Plaintiff did file his Step 2 grievance on July 25, 2016, as evidenced on the copy submitted by Plaintiff, Defendant states that it still was untimely.  Defendant presents a Declaration from Marianne Hixon, grievance coordinator at the Ouachita River Correctional Unit, who states that she found grievance GR-17-00241 in the grievance box on February 27, 2017, with the date of February 27, 2017 written beside the date for Step 2.  (Doc. No. 25-2, p.2) She then forwarded the grievance to Peggy Durham, the grievance coordinator at the Grimes Unit, where the incident occurred.  (Id.) Ms. Durham states in a Declaration that she received the grievance from Hixon on February 27, 2017, and rejected it on March 3, 2017 as untimely (Doc. No. 25-4, p. 1) She adds that it was the only grievance she received from Plaintiff with respect to the April 25, 2017 incident.  (Id., p. 2)

---

[2]The July 15, 2016 date of Step 2, as evidenced on Plaintiff's copy of the grievance, was crossed out and replaced with February 27, 2017 on the copy submitted by Defendant.  Defendant also adds that the grievance did not appear on Plaintiff's summary of grievances which was referenced in his Motion, because Plaintiff did not proceed to the formal Step 2 process until after Defendant filed the present Motion.

In addition, Defendant states that the statements or letters Plaintiff submitted to internal affairs and to Director Kelley did not concern the April 25, 2016 grievance or incident, but rather, dealt with injustice that Plaintiff witnessed and experienced at the Delta Unit in the form of retaliation from a non-party officer.  (Doc. No. 25-5, pp. 1-2)

**D.     Analysis**

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  532 U.S. 731, 741 (2001).  In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them.  Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)).  In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory."  340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).   Finally, in Jones v. Bock, the United States Supreme Court held that while

6

the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

In this case, the ADC grievance policy in effect clearly instructs inmates to "write a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate..." (Doc. No. 15-1, pp. 5-6.) It also clearly requires that if the designated problem-solver fails to contact the inmate and attempt resolution of the Step 1 complaint within three working days, the inmate may proceed to Step 2, the formal grievance, without completing Step 1, and must submit the Step 2 grievance within six working days of the date that Step 1 was submitted. (Id., pp. 7-8) Even if (as Plaintiff contends in his response to the summary judgment motion, but to which he provides no evidence) Plaintiff filed his Step 2 on May 25, 2016, it still was submitted late. In addition, the grievance procedure also provides that if an inmate does not receive a response to a Step 2 grievance within twenty working days, he may move to the next level of the process by filing an appeal within five working days. (Doc. 15-1, p 10) However, Plaintiff does not claim, and provides no evidence to show, that he timely filed an appeal even when he did not allegedly receive a response to the Step 2 grievance. In fact, the earliest date reflected on the grievance form Plaintiff submitted to the Court is July 25, 2016 (date appears as the date for filing Step 2), which is still beyond the time period for submitting an appeal.

Therefore, the Court finds, based on the evidence submitted by both parties, that Plaintiff failed to timely file and/or exhaust his administrative remedies concerning the issue raised against Defendant Finnie in his Complaint, and therefore, his complaint should be dismissed, for failure to exhaust.

## V.     Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendant's Motion for Summary Judgment (Doc. No. 15) be GRANTED, and Plaintiff's Complaint be DISMISSED without prejudice, for failure to exhaust.

IT IS SO RECOMMENDED this 21st day of March, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE